PETITION OF CHARLES WEBSTER FERGUSON.

No. 11392.
Decided October 26, 1967.
432 P.2d 773.

M. K. Daniels, Deer Lodge, argued ex parte for petitioner.

PER CURIAM:

Petitioner, an inmate of the Montana State Prison, seeks a writ of habeas corpus.

Petitioner alleges that on October 19, 1959, he was sentenced

to a term of ten years in the Montana State Prison following his conviction for the crime of rape. That on November 21, 1961, he was paroled to his home at Gary, Indiana, where he worked and reported to the parole officer supervising his parole. That during the Fall of 1964 petitioner's parole officer advised him that he was under suspicion for several different crimes involving sexual and narcotic charges which so alarmed and disturbed petitioner that he left the state. That he went to Kansas City, Missouri, and San Francisco, California, and in this latter city he turned himself over to the California authorities as a parole violator. On November 5, 1964, he was returned to the State Prison at Deer Lodge, Montana.

Further, that he was notified on September 14, 1967, that he was being held on a detainer from the State of Indiana and he was thereafter brought before the Powell County District Court and advised of his right to test the legality of the warrant issued by the Governor of the State of Montana on a requisition from the Governor of the State of Indiana; that in the requisition proceedings, petitioner was charged with the crime of assault and battery with intent to rape, alleged to have been committed on or about April 23, 1963, in Lake County, Indiana.

Petitioner further alleges that the State of Indiana made inquiry with reference to a Charles Ferguson in July of 1965, but thereafter indicated this petitioner was not the man being sought at that time.

Petitioner contends that by reason of the delay in lodging the detainer he has been deprived of his constitutional right to a speedy trial. There is no allegation that the State of Montana has in any way deprived petitioner of a speedy trial, in fact the allegations of the petition as hereinbefore set forth show that petitioner fled from Indiana while under suspicion of criminal activities and sought the shelter of the Montana State Prison. While petitioner contends the delay by the State of Indiana in not promptly lodging a detainer against him has

made it impossible to present any defense he may have had to the offense charged or to obtain witnesses on his behalf, it appears from his own fact statement that he deprived himself of a speedy trial by fleeing from the state.

We are left somewhat to speculate on just what is sought by this application. We assume, though, that were it not for the Indiana detainer, petitioner would be eligible for discharge. But as the matter stands petitioner must face charges in Indiana.

There is no factual basis disclosed by the petition on which to base the issuance of a writ of habeas corpus as required by R.C.M.1947, Section 94-101-2.

It is obvious that the constitutional guarantee of a speedy trial under both federal and state constitutional provisions cannot possibly accrue until a criminal charge is filed against the petitioner seeking to invoke this right. The petition in the instant case is devoid of any information whatever as to the time the criminal charge in question was filed against petitioner in the State of Indiana. For all we know or are able to determine from the petition, the criminal charge may have been filed immediately prior to the detainer of which petitioner complains in which case there would be no denial of petitioner's constitutional right to a speedy trial. In any event the burden is on the petitioner to indicate some grounds on which this court might predicate the issuance of the writ. On this basis alone, petitioner's constitutional claim fails.

The petition also contains a general statement that "petitioner further contends that the papers and files upon which the Governor's Warrants were issued were not in proper form and not properly anthenticated." This is a bold legal conclusion as to petitioner's contentions unsupported by any statement or fact indicating wherein the illegibility lies. Notice pleading under the Montana Rules of Civil Procedure is expressly made inapplicable to habeas corpus proceedings (Rule 81, M.R.Civ.P. and Table A, M.R.Civ.P.) and the requirements

of R.C.M.1947, Section 94-100-2 as to particularity are mandatory.

For these reasons we deem the petition to be without merit and the writ applied for is denied and the proceeding is dismissed.